IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PHILLIP BRIAN JEFFERSON, | :: | FEDERAL TORT CLAIMS ACT |
| Plaintiff, | :: | 28 U.S.C. §§ 1346(b), 2671 et seq. |
| | :: | |
| v. | :: | |
| | :: | |
| UNITED STATES OF AMERICA; | :: | CIVIL ACTION NO. |
| et al., | :: | 1:14-CV-0037-WSD-RGV |
| Defendants. | :: | |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff Phillip Brian Jefferson, presently confined in the United States Penitentiary in Atlanta, Georgia ("USP Atlanta"), previously was granted in forma pauperis status in this action. [Doc. 5]. The matter is now before the undersigned Magistrate Judge for a 28 U.S.C. § 1915A frivolity screening. For the reasons stated herein, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED**.

**I.  LEGAL STANDARDS**

Plaintiff, proceeding pro se, brings this action against the United States under the Federal Tort Claims Act ("the FTCA"), 28 U.S.C. §§ 2671, et seq., and against the Federal Bureau of Prisons ("BOP"), unknown correctional and medical staff of USP Atlanta, and inmate Villadoa, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). [Doc. 1 at 1-3, 8]. Federal courts are required to screen "as soon as practicable" a prisoner complaint "which seeks

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

If a litigant fails to provide factual allegations in support of his claims, then the complaint is subject to dismissal for failure to state a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (citations omitted)); see also Ashcroft v. Iqbal, 556 U.S. 662, 681-84 (2009) (holding that Twombly "expounded the pleading standard for 'all civil actions,'" to wit, conclusory allegations that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "'across the line from conceivable to plausible'" (citations omitted)); Papasan v. Allain, 478 U.S. 265, 286 (1986) (accepting as true only plaintiff's factual contentions, but not his or her legal

conclusions couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (court is "not permitted to read into the complaint facts that are not there").

## II. DISCUSSION

Plaintiff alleges that, on or about June 20, 2012, correctional officer J. Doe # 1 placed inmate Villadoa in plaintiff's cell in USP Atlanta's Special Housing Unit, and that, on or about June 23, 2012, inmate Villadoa cut plaintiff's face with a razor. [Doc. 1 at 7-8]. "Plaintiff began to yell for officer assistance, and after a lengthy period of time, [correctional officer] J. Doe # 2 came to the door[, but] took no immediate action to assist plaintiff . . . until another officer arrived." [Id. at 7]. At that time, inmate Villadoa was removed from the cell, and one of the Doe defendants attended to plaintiff's injuries. [Id.]. Plaintiff maintains that, when inmate Villadoa was placed in his cell, "all parties to this suit knew, or should have known, that inmate Villadoa was a 'psychiatric patient' who required special housing." [Id.]. Accordingly, plaintiff contends that all defendants acted with deliberate indifference to his safety and failed to protect him from the assault. [Id. at 7-8]. Plaintiff further asserts that medical personnel J. Doe # 3 failed to provide him immediate medical attention. [Id. at 8].

3

Plaintiff alleges that, as a result of the attack, he sustained severe injuries to his face. [Id.]. Plaintiff seeks monetary relief. [Id. at 9].

## A. FTCA

"It is well settled that sovereign immunity bars suits against the United States except to the extent that it consents to be sued." Means v. United States, 176 F.3d 1376, 1378 (11th Cir. 1999). The FTCA provides a "limited waiver" of sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office [or] employment.'" JBP Acquisitions, L.P. v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1)). The FTCA's limited waiver of sovereign immunity generally extends to inmates confined in a federal prison who suffer an injury caused by the negligence of a government employee. See United States v. Muniz, 374 U.S. 150, 150 (1963) (holding that a person can sue under the FTCA "for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee").

The FTCA's waiver of immunity is subject to several exceptions, including the discretionary function exception, which "precludes government liability for '[a]ny

4

claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" Cohen v. United States, 151 F.3d 1338, 1340 (11th Cir. 1998) (citing 28 U.S.C. § 2680(a)). "[T]he BOP's actions in classifying prisoners and placing them in institutions involve conduct or decisions that fall within the discretionary function exception." Id. at 1345. Accordingly, plaintiff's FTCA claim that USP Atlanta employees failed to protect him from inmate Villadoa's attack is barred by the discretionary function exception. See Fargas v. United States, No. 06-3267 (JRT/JSM), 2008 WL 698487, at *8-10 (D. Minn. Mar. 13, 2008) (finding that plaintiff's FTCA claims that "BOP employees knew or should have known about [another inmate's] assaultive nature and gang involvement, which according to plaintiff, should have prevented him from being placed into the cell with [that inmate] in the first place, and that BOP employees took an unusually long time before they stopped the fight" were barred by the discretionary function exception); Graham v. United States, No. 97-1590, 2002 WL 188573, at *4 (E.D. Pa. Feb. 5, 2002) (finding that federal prisoner's FTCA claim that prison officials negligently failed to protect him from an attack by another inmate was barred

5

by the discretionary function exception, even though "[i]t may [have been] tragically unwise for . . . prison officials to allow inmates access to razor blades").

As for plaintiff's FTCA claim that USP Atlanta medical personnel J. Doe # 3 failed to provide him immediate medical attention for his injuries, Georgia law applies. See Suggs v. United States, 199 F. App'x 804, 807 (11th Cir. 2006) (per curiam) ("In analyzing a claim under the FTCA, we apply the law of the state where the alleged tort occurred") (citation omitted).  Georgia law requires that a plaintiff alleging medical malpractice establish three elements: "(1) the duty inherent in the doctor-patient relationship; (2) the breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure be the proximate cause of the injury sustained." Id. (citation omitted).  Plaintiff alleges only that medical staff failed to immediately treat his injuries.  He has not alleged facts to establish the elements of a plausible claim because he has not alleged that the medical staff failed to exercise the requisite degree of skill and care under the circumstances or that he suffered any injury as a proximate cause of the alleged failure to immediately treat his injuries.  As such, this claim is due to be dismissed without prejudice because plaintiff has not alleged sufficient facts to satisfy all three elements necessary to state a plausible claim. See Menard v. United States, No. 5:11-cv-108-Oc-29SPC, 2012 WL 139484, at *8 (M.D. Fla. Jan. 18, 2012)

6

(dismissal without prejudice of medical malpractice claim under the FTCA because plaintiff failed to allege facts to show that defendants' breached their duty or that any injury resulted from the alleged breach).

**B.    Bivens**

In Bivens, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for damages in federal court, brought pursuant to 28 U.S.C. § 1331.  403 U.S. at 389.  In order to state a claim under Bivens, a plaintiff must allege that a federal official has violated his constitutional rights and that he has no adequate state-court remedies.  Alba v. Montford, 517 F.3d 1249, 1254 (11th Cir. 2008).  "Because of the similarity in the causes of action, . . . [courts] 'generally apply [42 U.S.C.] § 1983 law to Bivens cases.'"  Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam)).

"[A] plaintiff may not bring a Bivens action against a federal agency or a federal officer acting in his official capacity." Gonzales-Corrales v. I.C.E., 522 F. App'x 619, 623 (11th Cir. 2013) (per curiam) (citation omitted).  Accordingly, plaintiffs claims against the BOP, as well has his official capacity claims against the unknown correctional and medical staff of USP Atlanta, are due to be dismissed.  Additionally,

7

plaintiff may not bring a Bivens action against inmate Villadoa because the inmate is not a federal actor.  See Williams v. Johstono, No. 7:06-CV-103 (HL), 2006 WL 3231378, at *2 (M.D. Ga. Nov. 7, 2006) (A Bivens action may only be brought against federal officials, not private actors.).

To the extent that plaintiff brings this Bivens action against the unknown USP Atlanta staff in their individual capacities, plaintiff alleges that J. Doe #1 violated his rights under the Eighth Amendment by knowingly placing a psychiatric patient in his cell and that J. Doe # 2 violated plaintiff's Eighth Amendment rights by failing to immediately respond to plaintiff's cries for help and waiting until another officer arrived before stopping the assault. [Doc. 1 at 7-8].  The protection of inmates against attacks from other inmates is a condition of confinement subject to the strictures of the Eighth Amendment.  Wilson v. Seiter, 501 U.S. 294, 303 (1991); LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993).  In order to establish a claim based on a failure to prevent harm by another inmate, a plaintiff must show that (1) the conditions under which the attack took place posed a substantial risk of serious harm, (2) the defendant had actual knowledge of but disregarded that substantial risk, and (3) causation.  Purcell ex rel. Estate of Morgan v. Toombs Cnty., Ga., 400 F.3d 1313, 1319-20 (11th Cir. 2005).

Even accepting the allegation that J. Doe # 1 knew that inmate Villadoa suffered mental conditions and had a potential for violence, this is insufficient to support a deliberate indifference claim. See Gross v. White, 340 F. App'x 527, 532 (11th Cir. 2009) (per curiam) (holding that inmate's conclusory allegations regarding defendant's knowledge about danger potentially posed by attacking inmate was insufficient to state deliberate indifference claim, even if it would have been safer to confine detainee to separate cell); Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (per curiam) ("[B]efore Defendants' awareness arises to a sufficient level of culpability, there must be much more than mere awareness of [an inmate's] generally problematic nature."); Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) ("Merely negligent failure to protect an inmate from attack does not justify liability . . ."); Staley v. Donald, No. 5:05-CV-188 (CAR), 2009 WL 762492, at *2 (M.D. Ga. Mar. 23, 2009) (Although prison officials may be held "liable for exhibiting deliberate indifference to a known danger[,] . . . the known risk of injury must have been a strong likelihood, rather than a mere possibility, before an official's failure to act can constitute deliberate indifference.") (citations omitted), report and recommendation adopted at *3. Additionally, plaintiff fails to allege facts to show that J. Doe #2 acted with deliberate indifference by waiting for another officer to arrive before intervening to stop the

9

attack. See Lamar v. Crosby, No. 5:05cv203/RS, 2006 WL 2471453, at *7 (N.D. Fla. Aug. 23, 2006) (dismissing for failure to state a claim prisoner's allegation that defendant "stood by and watched as he was being seriously attacked" where defendant was waiting for back-up officers), report and recommendation adopted at *1; see also Seals v. Marcus, No. 1:11-CV-99 (WLS), 2013 WL 656873, at *7 (Jan. 25, 2013) ("An officer who fails to intervene in a fight between inmates can only be held liable if he 'was physically able and had a realistic chance to intervene and act in time to protect the inmate Plaintiff.'") (citations omitted), report and recommendation adopted, 2013 WL 663579, at *1 (M.D. Ga. Feb. 22, 2013). Thus, plaintiff's failure to protect claims are due to be dismissed.

As to J. Doe # 3, plaintiff alleges only that he or she failed to provide plaintiff immediate medical attention for the injuries to his face. [Doc. 1 at 8]. In order to state a claim for constitutionally inadequate medical treatment, a plaintiff must demonstrate (1) an objectively serious medical need that, left unattended, poses a substantial risk of serious harm, and (2) "that the response made by public officials to that need was poor enough to constitute 'an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, 'negligen[ce] in diagnosi[s] or treat[ment],' or even '[m]edical malpractice' actionable under state law." Taylor v. Adams, 221 F.3d 1254,

1258 (11th Cir. 2000) (citation omitted). Moreover, a "delay of treatment for obviously serious conditions" can constitute deliberate indifference when "it is apparent that delay would detrimentally exacerbate the medical problem," it does so, and "the delay is medically unjustified." Id. at 1259-60 (citation omitted). Plaintiff fails to state a medical deliberate indifference claim against J. Doe # 3 because he does not indicate the length of the delay and has not alleged facts to show that any alleged delay in treatment made the injuries to his face worse or was "medically unjustified." Indeed, plaintiff alleges that after inmate Villadoa was removed from the cell, one of the Doe defendants attended to his injuries and it was determined that plaintiff required medical attention from the community due to the seriousness of the lacerations. [Doc. 1 at 7]. These allegations fail to state a plausible claim of medical deliberate indifference, and this claim is also due to be dismissed.

Additionally, the claims against the Doe defendants otherwise are subject to dismissal because "fictitious-party pleading is [generally] not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). However, the Eleventh Circuit has "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" Id. (citing Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)).

11

Because plaintiff's description of the Doe defendants is insufficient to identify them among the many correctional and medical staff employed at USP Atlanta, his claims against those defendants are due to be dismissed for this additional reason. Id.

### III.  CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's FTCA claim based on the inmate assault that is barred by the discretionary function exception be **DISMISSED WITH PREJUDICE**, that his Bivens claims against the Federal Bureau of Prisons, the unknown correctional and medical staff of USP Atlanta in their official capacities, and inmate Villadoa be **DISMISSED WITH PREJUDICE**, and that his remaining claims be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.[1]

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 18th day of March, 2014.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[1] "Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be provided with at least one opportunity to amend before the court dismisses with prejudice." Birdette v. Saxon Mortg., 502 F. App'x 839, 841 (11th Cir. 2012) (per curiam) (citing Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam)), cert. dismissed, 133 S. Ct. 1597 (2013).

AO 72A
(Rev.8/82)