IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PHILLIP BRIAN JEFFERSON,

Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
J. DOE #1, J. DOE #2, and J. DOE
#3,

Defendants.

1:14-cv-37-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [6] ("R&R"), recommending that Plaintiff Phillip Brian Jefferson's ("Plaintiff") Complaint [1] be dismissed. Also before the Court are Plaintiff's Objections [13] to the R&R.

## I.    BACKGROUND

On June 20, 2012, Defendant J. Doe #1, a correctional officer at the United States Penitentiary in Atlanta ("USP Atlanta"), placed inmate FNU Villadoa ("Villadoa") in plaintiff's cell at USP Atlanta's Special Housing Unit. (Compl. at 2, 7). On June 23, 2012, Villadoa cut Plaintiff's face with a razor while Plaintiff was asleep in bed. (Compl. at 7). "Plaintiff began to yell for officer assistance,

and after a lengthy period of time, J. Doe # 2 came to the door [but] took no immediate action to assist plaintiff . . . until another officer arrived." (Compl. at 7).[1]  Villadoa was removed from Plaintiff's cell and an unspecified Doe Defendant "attended to Plaintiff's serious injuries." (Compl. at 7).  Plaintiff later received "medical attention from the community, due to the seriousness of the lacerations [he] suffered." (Compl. at 7).

Plaintiff alleges that, when Villadoa was placed in his cell, "all parties to this suit knew, or should have known, that inmate Villadoa was a 'psychiatric patient' who required special housing." (Compl. at 7).  Plaintiff alleges that Defendants acted with deliberate indifference "when they knowingly placed a psychiatric [patient] in the cell with him" and "when they failed to protect him" from Villadoa's assault.  (Compl. at 7-8).  Plaintiff claims John Doe #2 should have responded more quickly to Plaintiff's "continues loud cries for help," and should not have waited until a second correctional officer arrived before intervening in the altercation.  (Compl. at 8).[2]  Plaintiff claims further that Defendant J. Doe #3, a

---

[1]  Defendant J. Doe #2 also is a correctional officer at USP Atlanta.  (Compl. at 3).

[2]  There are inconsistencies in the Complaint's statement of which Defendant committed which act.  Construing Plaintiff's *pro se* Complaint liberally and in its totality, the Court assumes that Plaintiff alleges it was John Doe #2, not John Doe #1, who showed deliberate indifference in waiting to interrupt the assault.

medical employee at USP Atlanta, acted with deliberate indifference in failing to provide him with immediate medical attention.  (Compl. at 3, 8).  Plaintiff seeks $3.5 million in damages.  (Compl. at 9).

On December 30, 2013, Plaintiff filed his *pro se* Complaint [1], asserting claims, under the Federal Torts Claims Act ("the FTCA"), against Defendant United States of America ("United States").  The Complaint also asserts Eighth Amendment claims, under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), against Defendants Federal Bureau of Prisons ("BOP") and J. Does #1-3.  On March 18, 2014, the Magistrate Judge screened Plaintiff's Complaint and issued his R&R, recommending that this action be dismissed for failure to state a claim on which relief may be granted and for impermissibly relying on fictitious-party pleading.[3]  On July 2, 2014, Plaintiff filed his Objections to the Magistrate Judge's R&R, asserting that he is not a "trustee in the private constructive trust known as Case No. 1:14-cv-0037," that the Court is the trustee and "has an obligation of performance," and that "the Magistrate Judge,

---

[3]     A federal court must screen a prisoner's complaint against a governmental entity to determine whether the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact."  <u>Miller v. Donald</u>, 541 F.3d 1091, 1100 (11th Cir. 2008).

Trustee and all parties in privy are estopped."  (Objections at 1-7).

## II.     DISCUSSION

###      A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

The Court reviews the R&R for plain error because Plaintiff's objections are "[f]rivolous, conclusive, or general" and do not "specifically identify those findings objected to."  Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

B.   <u>Analysis</u>

1.   <u>Plaintiff's FTCA Claims</u>

"It is well settled that sovereign immunity bars suits against the United States except to the extent that it consents to be sued."  <u>Means v. United States</u>, 176 F.3d 1376, 1378 (11th Cir. 1999).  The FTCA provides a "limited waiver" of sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office [or] employment.'"  <u>JBP Acquisitions, L.P. v. United States ex rel. FDIC</u>, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1)).  The FTCA's limited waiver of sovereign immunity generally extends to inmates confined in a federal prison who suffer an injury caused by the negligence of a government employee.  <u>See</u> <u>United States v. Muniz</u>, 374 U.S. 150, 150 (1963) (holding that a person can sue under the FTCA "for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee").

The FTCA's waiver of immunity is subject to the discretionary function exception, which "precludes government liability for '[a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a

discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" <u>Cohen v. United States</u>, 151 F.3d 1338, 1340 (11th Cir. 1998) (citing 28 U.S.C. § 2680(a)).  The Magistrate Judge found that the discretionary function exception bars Plaintiff's FTCA claim that Defendants wrongfully placed Villadoa in his cell and failed to protect him from Villadoa's attack.  (R&R at 5).  The Court finds no plain error in this conclusion.  <u>See</u> <u>Fargas v. United States</u>, No. 06-cv-3267, 2008 WL 698487, at *8-10 (D. Minn. Mar. 13, 2008) (finding that plaintiff's FTCA claims that "BOP employees knew or should have known about [another inmate's] assaultive nature and gang involvement, which according to plaintiff, should have prevented him from being placed into the cell with [that inmate] in the first place, and that BOP employees took an unusually long time before they stopped the fight" were barred by the discretionary function exception); <u>Graham v. United States</u>, No. 97-cv-1590, 2002 WL 188573, at *4 (E.D. Pa. Feb. 5, 2002) (finding that a federal prisoner's FTCA claim that prison officials negligently failed to protect him from an attack by another inmate was barred by the discretionary function exception, even though "[i]t may [have been] tragically unwise for . . . prison officials to allow inmates access to razor blades").

The Court also finds no plain error in the Magistrate Judge's conclusion that

6

Plaintiff fails to allege facts establishing a medical malpractice claim, under the FTCA, against the United States on the basis of J. Doe #3's conduct.  (R&R at 6-7).  Plaintiff asserts that J. Doe #3 failed to provide him with "immediate medical attention," but offers no supporting facts establishing medical malpractice. See Menard v. United States, No. 5:11-cv-108, 2012 WL 139484, at *8 (M.D. Fla. Jan. 18, 2012) (dismissing a medical malpractice claim under the FTCA because plaintiff failed to allege sufficient facts showing defendants breached their duty or that plaintiff's injury was proximately caused by the alleged breach).

> 2.     Plaintiff's Bivens Claims

"Bivens established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right."  Hartman v. Moore, 547 U.S. 250, 255 n.2 (2006).  To state a claim under Bivens, a plaintiff must allege that a federal official violated his constitutional rights and that he does not have an adequate state court remedy.  Alba v. Montford, 517 F.3d 1249, 1254 (11th Cir. 2008).  "Because of the similarity in the causes of action, . . . [courts] 'generally apply § 1983 law to Bivens cases.'"  Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam)).

"[A] plaintiff may not bring a <u>Bivens</u> action against a federal agency or a federal officer acting in his official capacity."  <u>Gonzales-Corrales v. I.C.E.</u>, 522 F. App'x 619, 623 (11th Cir. 2013) (per curiam).  Thus, the Magistrate Judge found that Plaintiff's <u>Bivens</u> claims against the BOP and J. Does #1-3, in their official capacities, are barred.  (R&R at 7).  The Court finds no plain error in this determination.[4]  The Court also finds no plain error in the Magistrate Judge's conclusion that Plaintiff's claims against the Doe defendants must be dismissed for Plaintiff's use of fictitious-party pleading.  <u>See</u> <u>Richardson v. Johnson</u>, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) ("[F]ictitious-party pleading is [generally] not permitted in federal court."[5]

---

[4]    To the extent Plaintiff asserts <u>Bivens</u> claims against the Doe Defendants in their individual capacities, the Court finds no plain error in the Magistrate Judge's conclusion that those claims also require dismissal for failure to state a claim on which relief may be granted.  (R&R at 8-11).

[5]    The Court is not required to address Plaintiff's allegations against Villadoa because Plaintiff names him as a defendant in the body, but not in the caption, of his Complaint.  <u>See</u> <u>Logue, Jr. v. Chatham Cty. Det. Ctr.</u>, No. 410-cv-240, 2010 WL 5769485, at *6 (S.D. Ga. Dec. 29, 2010) ("[Plaintiff] has elected to offload the naming of proper defendants onto the Court.  That is his responsibility, however. The Court will not address any allegations made against defendants who have not been explicitly named in the caption of his complaint.").  Even if the Court considered Plaintiff's allegations against Villadoa, Plaintiff fails to state a claim against him, including because Villadoa is a private actor.  (R&R at 7-8); <u>see</u> <u>Williams v. Johstono</u>, No. 7:06-cv-103, 2006 WL 3231378, at *2 (M.D. Ga. Nov. 7, 2006) ("A <u>Bivens</u> action[] may be brought . . . only against federal officials or officers.").

III.   **CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's

Final Report and Recommendation [6] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [13] are

**OVERRULED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.


**SO ORDERED** this 10th day of January, 2017.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE